UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ANESTAZIA BRYANT,

                            Plaintiff,

               -against-

Lieutenant JAMES GEBBIA; Police Officer DIERY LOUIS, Shield No. 29819; Police Officer CHARLES FOX, Shield No. 31129; Police Officer BRIAN HELLBERG, Shield No. 8253; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

15 CV 812

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Anestazia Bryant ("plaintiff" or "Ms. Bryant") is a resident of Queens County in the City and State of New York.

7. Defendant Lieutenant James Gebbia ("Gebbia"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Gebbia is sued in his individual and official capacities.

8. Defendant Police Officer Diery Louis, Shield No. 29819 ("Louis"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Louis is sued in his individual and official capacities.

9. Defendant Police Officer Charles Fox, Shield No. 31129 ("Fox"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fox is sued in his individual and official capacities.

10. Defendant Police Officer Brian Hellberg, Shield No. 8253 ("Hellberg"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hellberg is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 10:30 p.m. on August 31, 2013, Ms. Bryant was lawfully present in the vicinity of Ralph Avenue between Bainbridge and Decatur Streets in Brooklyn, New York.

15. Ms. Bryant was standing outside of her car, which was parked nearby and running.

16. Without warning, Ms. Bryant's cousin jumped into her car and attempted to drive away, hitting a parked car in the process.

17. Ms. Bryant's cousin was chased and ultimately apprehended by police officers.

18. After the officers arrested Ms. Bryant's cousin, they forcefully grabbed Ms. Bryant's wrist and arms, violently pulled them behind her back and arrested her

on unspecified charges.

19. The officers lacked arguable probable cause to arrest Ms. Bryant for any crime or offense.

20. At the precinct, the officers offered to release Ms. Bryant if she would sign a statement in support of the charges brought against her cousin.

21. When Ms. Bryant refused, she was booked on disorderly conduct charges.

22. Ms. Bryant was eventually taken to Brooklyn Central Booking, arraigned and, after spending over 24 hours in custody, released on her own recognizance.

23. The criminal charges against plaintiff were subsequently adjourned in contemplation of dismissal.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
### Unlawful Stop and Search

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. The individual defendants created false evidence against plaintiff.

36. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

37. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse Of Process

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The individual defendants issued legal process to place plaintiff under arrest.

41.  The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to punish her for her refusal to cooperate in their prosecution of her cousin.

42.  The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

43.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

44.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.  Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

46.  Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

47.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      February 17, 2015
            New York, New York

                                            HARVIS WRIGHT & FETT LLP

                                            _____
                                            Gabriel Harvis
                                            305 Broadway, 14th Floor
                                            New York, New York 10007
                                            (212) 323-6880
                                            gharvis@hwf.nyc

                                            *Attorneys for Plaintiff*